[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT #104
On January 8, 1992, the plaintiff, Margaret Nevin, commenced this action against the defendant, Robert Ostergren, the Executor of the Estate of Everett Cole. The plaintiff alleges, inter alia, that she was injured when she slipped on a patch of ice located on the defendant's land. On March 18, 1992, the defendant answered the complaint and filed a special defense in which he claimed that the plaintiff's injuries, if any, were caused by her own carelessness and negligence. Also on March 18, 1992, the defendant filed a motion for summary judgment, attaching thereto a supporting memorandum. The plaintiff has filed no memorandum in opposition to the motion for summary judgment.
Summary judgment is provided for in Practice Book Sections 378-384, and is a means of eliminating the "delay and expense of litigating an issue when there is no real CT Page 3273 issue to be tried." Wilson v. New Haven, 213 Conn. 277,279, 567 A.2d 829 (1980). Summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578,573 A.2d 699 (1990) (quoting Practice Book Section 384). Additionally, the trial court, in ruling on a motion for summary judgment, must "view the evidence in the light most favorable to the nonmoving party." Connell v. Colwell,214 Conn. 242, 246-57, 571 A.2d 116 (1990).
Practice Book Section 112 lists the order of pleadings. That section states, in pertinent part, that "[t]he order of pleading shall be as follows: (1) The plaintiff's complaint. . .(5) The defendant's answer (including any special defenses) to the complaint. . .(8) The plaintiff's rely to any special defenses." In the present matter, the plaintiff has not replied to the special defense and, consequently, the pleadings have not been closed. Practice Book Section 112. Therefore, pursuant to Hammer, supra, the plaintiff's motion for summary judgment is denied.
DRANGINIS, JUDGE